UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KORECO K. CLEAVES, Personal
Representatives of the Estate of
KYAMBE CLEAVES, deceased,

    Plaintiff,

and

DARRELL MOTLEY, Personal
Representative of the Estate of
CASSAUNDRA MOTLEY, deceased,

    Plaintiff

and

RONALD MCKINNEY, Personal Representative
of the Estate of SHERRIE TOBE, deceased,

    Plaintiff

and

JERRY GIBSON, Personal Representative
of the Estate of TREMAINE TOBE, deceased,

    Plaintiff

-vs-

WALTER KIDDE PORTABLE EQUIPMENT, INC.
d/b/a KIDDE SAFETY, a Delaware Corporation,
KIDDE FIRE PROTECTION INC., a Delaware Corporation,
KIDDE, INC., a Delaware Corporation, UTC FIRE &
SECURITY CORPORATION, a Delaware Corporation
and UNITED TECHNOLOGIES CORPORATION,
a Delaware Corporation

    Defendants.
_____  _____

BENNER & FORAN
BRIAN J. BENNER  (P25239)
RICHARD L. BRAUN (P26408)
NANCY V. SAVAGEAU (P56546)
Attorneys for Plaintiff Cleaves
28116 Orchard Lake Road
Farmington Hills, Michigan  48334
(248) 737-5544

TODD J. WEGLARZ (P48035)
Fieger, Fieger, Kenney & Johnson
Attorneys for Plaintiffs Motley and McKinney
19390 West Ten Mile Road
Southfield, Michigan 48075
(248)355-5555

A. VINCE COLELLA (P49747)
Moss & Colella, PC
Attorney for Plaintiff, Gibson
29100 Northwestern Highway
Southfield, Michigan 48034
(248)945-0100

_____

**COMPLAINT
AND DEMAND FOR TRIAL BY JURY**

   s/ Nancy V. Savageau
Nancy V. Savageau

NOW COME plaintiffs, deceased Koreco Cleaves Personal Representative of the Estate of Kyambe Cleaves, deceased, Darrell Motley, Personal Representative of the Estate of Cassaundra Motley, deceased, Ronald McKinney, Personal Representative of the Estate of Sherrie Tobe, and Jerry Gibson Personal Representative of the Estate of Tremaine Tobe, deceased represented by their attorneys Benner & Foran, Fieger, Fieger, Kenny & Johnson and Moss & Colella and for their Complaint against the defendants, Walter Kidde Portable Equipment Inc. d/b/a/ Kidde Safety, a Delaware Corporation, Kidde Fire Protection Inc., a Delaware Corporation, Kidde, Inc., a Delaware Corporation, UTC Fire & Security Corporation, a Delaware Corporation and United Technologies Corporation, a Delaware Corporation hereafter ("Kidde") state as follows**:**

1.     This is a civil action seeking damages for wrongful death due to fatal injuries suffered by Cassaundra Motley, Kyambe Cleaves, Sherri Tobe and Tremaine Tobe on February 26, 2007 due to smoke and soot inhalation and carbon monoxide poisoning. These fatal injuries resulted from negligence in design, testing, manufacture, warnings, sale, and distribution of a Kidde ionization smoke detector Model 0914 installed in an apartment located at 24700 Walden Court West in the City of Southfield, County of Oakland, State of Michigan. This smoke detector, did not operate

properly in response to a slow developing kitchen fire resulting from stove top ignition of cooking oil, which subsequently ignited cabinetry within the kitchen, thus emitting dense black smoke. As a result, the deceased plaintiffs did not receive appropriate and timely warning from the KIDDE smoke alarm of the extreme hazard and danger presented by the dense black smoke, soot and carbon monoxide which traveled into the bedroom where they were sleeping, which claimed their lives.

2. At all relevant times hereto Plaintiffs decedents' Cassaundra Motley, Kyambe Cleaves, Sherrie Tobe and Tremaine Tobe were all residents of Oakland County, Michigan.

3. That plaintiff Darrell Motley is the duly appointed Personal Representative of the Estate of Cassaundra Motley, deceased and is a resident of the City of Detroit, County of Wayne, State of Michigan.

4. That Koreco Cleaves is the duly appointed Personal Representative of the Estate of Kyambe Cleaves, deceased and is a resident of the City of Detroit, County of Wayne, State of Michigan.

5. That Ronald McKinney is the duly appointed Personal Representative of the Estate of Sherrie Tobie, deceased and is a resident of the City of Detroit, County of Wayne, State of Michigan.

6. That Jerry Gibson is the duly appointed Personal Representative of the Estate of Tremaine Tobe, deceased, and is a resident of the City of Detroit, County of Wayne, State of Michigan.

7. That the principal place of business for Walter Kidde Portable Equipment Inc., d/b/a Kidde Safety, Kidde Fire Protection and Kidde, Inc is located in the State of North Carolina.

8. That the principal place of business for UTC Fire & Security Corporation is located in the State of Connecticut.

9. That the principal placeof business for United Technologies Corporation is located in the State of Connecticut.

10. That the Kidde defendants are foreign corporations authorized to do business and in fact doing business in the County of Oakland, State of Michigan. In fact the Kidde defendants have carried on continuous and systematic business in the State of Michigan, County of Oakland including but not limited to marketing and sale of smoke detectors.

11 The Kidde defendants are subject to the jurisdiction of this Court pursuant to MCL §600.711 *et seq*.

12. There is complete diversity of citizenship between the Plaintiffs and the Defendants. This Court has subject matter jurisdiction over this matter pursuant to 28 U. S. C. §1332 (diversity jurisdiction) because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) per plaintiff, and because there is complete diversity of citizenship between Plaintiffs and Defendants.

13. Venue is proper in this Court under 28 U.S.C. §1391(a)(2) because events giving rise to the subject fatalities occurred in the County of Oakland, State of Michigan, within the Eastern District of Michigan, Southern Division.

## **COUNT I**

14. Plaintiffs reassert, reallege, and incorporate herein each and every allegation set forth in preceding paragraphs of this Complaint.

15. That the subject smoke detector was designed, tested, assembled, inspected, manufactured, sold and distributed by the Kidde defendants.

16. That Kidde defendants, owed plaintiffs' decedents common law and/or statutory duties of reasonable care in the design, manufacture, testing, inspection, assembly, warnings, sale and/or distribution of said ionization smoke detector. The Kidde defendants negligently breached duties of care to plaintiffs' decedents thereby rendering the product defective, including but not limited to the following:

      A. Negligently, carelessly and/or recklessly failing to properly design the subject model smoke detector;

  B.  Negligently, carelessly and/or recklessly failing to adequately test and/or inspect subject model smoke detector in its anticipated environment for use to assure that it would operate properly;

  C.  Negligently, carelessly and/or recklessly failed to provide adequate assembly, manufacturing and/or quality control processes;

  D.  Negligently, carelessly and/or recklessly failed to properly warn about limitations inherent in ionization smoke detectors to provide adequate and proper warning;

  E.  Negligently, carelessly and/or recklessly failed to properly instruct, advise and warn owners, and user and /or the public about the inadequacies and limitation within the subject smoke detector to properly function and provide warning of dangerous smoke and/or fire exposures;

  F.  Negligently, carelessly and/or recklessly failed to design the subject Kidde smoke detector so as to avoid its inherent flaws and limitations in providing proper and adequate warning;

  G.  Negligently, carelessly and/or recklessly designing, testing, manufacturing, selling and distributing the subject Kidde smoke detector in a condition which rendered it unreasonably dangerous for its foreseeable uses;

  H.  Negligently, carelessly and/or recklessly designing, testing, manufacturing, selling and/or distributing a smoke detector that was not in compliance with all applicable statutes, codes, standards and recommended practices;

  I.  Negligently, carelessly and/or recklessly failing to advise users and the public about limitations in the defectiveness of subject ionization smoke detector because such information would discourage people from buying and using them;

  J.  Negligently, carelessly and/or recklessly designing, manufacturing, selling and/or distributing a smoke detector which allowed users and the public to have a false sense of security in thinking that they would receive adequate and proper warning of a dangerous fire and smoke condition when in fact the subject model smoke detector is notoriously defective in failing to provide adequate, timely and appropriate notice and warning of such fire and/or smoke dangers;

  K.  Negligence, carelessness, recklessness, gross negligence and/or willful disregard in the design manufacture and distribution of the subject Kidde smoke detector with actual knowledge that it was defective and frequently would not give adequate and proper notice/warning of dangerous fire and/or smoke conditions with knowledge that this created a substantial likelihood that people would die as a direct and proximate result;

17. Ionization smoke detectors are, by far, the leading type of smoke detectors manufactured and sold by Kidde defendants and installed in homes and apartments throughout the

5

United States. It has long been known in the industry generally and by Kidde in particular that ionization smoke detectors are slow to detect certain types of fires including without limitation slow developing and/or smoldering fires, which produce a great deal of dense black smoke with little flame. It has been well documented that ionization smoke detectors in the industry and those manufactured by Kidde in particular frequently take anywhere from fifteen minutes to several hours to detect such fires and often do not go off at all. Because time is of the essence in surviving dangerous smoke and fire conditions, this delay greatly reduces the protection offered by ionization smoke detectors. By the time an ionization smoke detector recognizes dense black smoke from a slow developing and/or smoldering fire, occupants have already been breathing in toxic fumes and are frequently incapacitated and quickly overcome when trying to escape. This is exactly what happened to plaintiffs' decedents in the subject fire and smoke conditions in their apartment on February 26, 2007.

18.     Numerous studies have demonstrated that ionization smoke detectors do not respond well to low velocity/large particle smoke produced by slow developing and/or smoldering fires. These studies, including but not limited to those by the National Institute of Standards and Technology, the International Association of Fire Chiefs, The Fire Journal, and The Journal of Fire Protection Engineering have shown the deficiencies in ionization smoke detectors ever since the early 1980's. Additionally, fire research has been conducted by numerous domestic and international organizations involving live fires with ionization detectors which have been shown to be extremely slow to detect and/or warn about slow burning or smoldering fires. This information is well known to the Kidde defendants.

19.     Despite such notice and/or knowledge, the Kidde defendants' product packaging, inserts and warnings fail to adequately inform owners, and users and/or the public about the significant limitations of ionization smoke detectors.

20.     Kidde's negligence included their failure to warn users that ionization detectors should never be used alone and that photoelectric or combination detectors provide superior

6

protection at a comparable price. Kidde further failed to warn consumers that slow developing and/or smoldering fires which produce dense black smoke remote from the smoke detector can be deadly given their ability to produce poisonous gasses and that they often occur at times when people sleep. Kidde further failed to inform consumers that ionization detectors frequently lag behind photoelectric and/or combination detectors by as much as an hour or more in detecting the presence of slow developing and/or smoldering fires with dense black smoke remote from the detector.

21.     That the above mentioned acts and/or omissions constituted a breach of Kidde's duty to exercise reasonable care in design, manufacture, assembly, testing, warnings, instructions, distribution and sale. That the defendant, Kidde knew or should have known about the risk of fatal injuries under the circumstances which confronted the deceased plaintiffs based upon information readily available in the industry at the time this smoke detector left Kidde 's control.

22.     That Kidde defendants had actual knowledge of defects in design, testing, manufacture, assembly, warnings, sale and distribution and willfully disregarded knowledge of said defects constituting gross negligence.

23.     That as a direct and proximate result of defendant, Kidde's acts and/or omissions constituting negligence and/or gross negligence, plaintiffs decedents' Cassaundra Motley, Kyambe Cleaves, Sherrie Tobe and Tremaine Tobe and their surviving relatives sustained damages compensable under Michigan's Wrongful death Act MCL 600.2922 *et seq.* including but not limited to the following:

   A.   Conscious pain and suffering by the plaintiffs decedents

   B.   Damages for loss of financial support, affection, care, comfort, companionship, consortium, love and society

   C.   Any and all other damages which may hereafter by discovered and/or otherwise d allowed by Michigan law.

WHEREFORE, plaintiffs pray for a judgment which is found to be fair and just.

7

## COUNT II

24.     Plaintiffs reassert, reallege, and incorporate herein each and every allegation set forth in preceding paragraphs of this Complaint.

25.     That the Kidde defendants expressly and/ or impliedly warranted to the public, including plaintiffs decedents, that the subject Kidde smoke detector was of merchantable quality and reasonably fit and safe for its intended and foreseeable uses and purposes and that it posed no unusual, unnecessary and/or reasonable hazards to human life, limb and safety.

26.     That these warranties were false because the subject smoke detector was defective in the manners described herein, before and was not of merchantable quality and was not reasonably fit and safe for its intended and/or foreseeable uses as designed, tested, manufactured, assembled, sold and distributed and in fact said smoke detector posed a serious hazard to human life, limb and safety for all of the reasons described in Count I above.

27.     That the expressed and/or implied warranties were false because the subject smoke detector as designed, manufactured, tested, assembled, distributed and sold by Kidde was defective and unreasonably dangerous for foreseeable uses for all of the reasons set forth within Count I above.

28.     The breach and/or implied warranties by the Kidde defendants were a direct and proximate cause of injuries and damages to sustained by plaintiffs as set forth wherein before.

WHEREFORE, plaintiffs pray for a judgment which is found to be fair and just.

BENNER & FORAN


By:  s/ Nancy V. Savageau_____
NANCY V. SAVAGEAU
Attorneys for Plaintiff Cleaves
28116 Orchard Lake Road
Farmington Hills, MI 48334
(248)737-5544
nsavageau@brianbennerlawfirm.com
P56546

FIEGER, FIEGER, & KENNEY P.C.

8

By: s/ with consent of Todd J. Weglarz
TODD J. WEGLARZ
Attorneys for Plaintiffs Motley and McKinney
19390 West Ten Mile Road
Southfield, Michigan 48075
(248)355-5555
t.weglarz@fiegerlaw.com
P43035

MOSS & COLELLA, PC

By: s/ with consent of A. Vince Colella
A. VINCE COLELLA
Attorney for Plaintiff Gibson
29100 Northwestern Highway
Southfield, Michigan 48034
(248)945-0100
vcolella@MossColella.com
P49747

Dated: February 24, 2010

## JURY DEMAND

Plaintiffs, Darrell Motley, Personal Representative of the Estate of Cassaundra Motley, deceased, Ronald McKinney, Personal Representative of the Estate of Sherrie Tobe, deceased Koreco Cleaves Personal Representative of the Estate of Kyambe Cleaves, deceased and Jerry Gibson Personal Representative of the Estate of Tremaine Tobe, deceased, through their attorneys, Benner & Foran, Fieger, Fieger, Kenney & Johnson and, Moss & Colella demand a trial by jury in the above-captioned matter.

BENNER & FORAN

By: s/ Nancy V. Savageau
NANCY V. SAVAGEAU
Attorneys for Plaintiff
28116 Orchard Lake Road
Farmington Hills, MI 48334
248-737-5544
nsavageau@brianbennerlawfirm.com
P56546

9

        FIEGER, FIEGER   & KENNEY P.C.

        By: s/ with consent of Todd J. Weglarz
        TODD J. WEGLARZ
        Attorneys for Plaintiffs Motley and McKinney
        19390 West Ten Mile Road
        Southfield, Michigan  48075
        248-355-5555
        t.weglarz@fiegerlaw.com
        P48035

        MOSS & COLELLA, PC

        By:  s/ with consent of A. Vince Colella
        A. VINCE COLELLA
        Attorney for Plaintiff, Gibson
        29100 Northwestern Highway
        Southfield, Michigan  48034
        (248)945-0100
        vcolella@MossColella.com
Dated: February 24, 2010        P49747